IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ilyas S. Abdul-Mumin,    :

    Petitioner,    :

  v.    :    Case No. 2:09-cv-675

Warden Lebanon Correctional
Institution,    :    JUDGE SMITH

    Respondent.    :

## REPORT AND RECOMMENDATION

Petitioner, Ilyas S. Abdul-Mumin, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, alleging that he is being held in custody in violation of the Constitution of the United States. On October 30, 2009, respondent filed a return of writ. In the return, respondent contends that the petition was not filed within the applicable one-year statute of limitations, that petitioner's claims are unexhausted or procedurally defaulted, and that he is not entitled to relief on the merits. For the following reasons, it is recommended that the petition be dismissed as time-barred.

### I. Procedural History

The course of state court proceedings is reflected in the exhibits to the return of writ and is not disputed. For purposes of evaluating the respondent's statute of limitations argument, the important dates are as follows. Citations to the exhibit numbers assigned to the attachments to the return of writ will be given for those state court actions which enter into the calculation of whether the statute of limitations has run.

The two indictments containing those charges upon which petitioner was convicted were filed in the Franklin County Court of Common pleas on October 18, 2002 and February 12, 2003. They

were then consolidated for purposes of trial.  Collectively, the indictments contained forty-two felony counts, most, if not all, of which were accompanied by firearm specifications, and some of which were accompanied by sexually violent predator specifications.  After a jury trial, petitioner was found guilty on thirty-five counts.  The trial judge independently found petitioner not to be a sexually violent predator, an issue which had not been submitted to the jury.  On April 9, 2004, petitioner was sentenced to an aggregate prison term of 175 years.  The sentencing entry was amended on June 1, 2004.

Petitioner timely appealed his conviction and sentence to the Franklin County Court of Appeals.  In a decision filed on February 10, 2005, the Court of Appeals affirmed.  The Ohio Supreme Court subsequently vacated the sentence and remanded the case for resentencing in light of State v. Foster, 109 Ohio St. 3d 1 (2006).  Petitioner was given the same sentence by the trial court on January 22, 2007.  He again appealed to the Franklin County Court of Common Pleas.  That court affirmed the trial court in a decision filed on September 27, 2007.  Judgment was entered on that decision on October 3, 2007.  (Ex. 34).  Petitioner did not appeal that decision to the Ohio Supreme Court.

On December 4, 2007, petitioner filed an application to reopen his direct appeal pursuant to Ohio App.R. 26(B).  (Ex. 35).  That application was denied in an opinion rendered on March 11, 2008 and journalized on March 19, 2008.  (Ex. 37).  In an entry filed on June 4, 2008, the Ohio Supreme Court dismissed petitioner's appeal from the court of appeals' decision.  (Ex. 41).  On August 3, 2009, petitioner filed a renewed application for relief under Rule 26(B) which appears still to be pending in the state court.  He signed the habeas petition filed in this Court on July 27, 2009.

## II. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## III. Respondent's Argument and the Court's Analysis

According to respondent, petitioner's conviction and sentence became final on November 13, 2007, a date 45 days after the Franklin County Court of Appeals affirmed the trial court's decision resentencing petitioner to 175 years in prison. The 45-

day period is the length of time petitioner had to file his appeal to the Ohio Supreme Court of that decision, and when he did not do so, his conviction became final for limitations purposes. When petitioner filed a timely motion to reopen his appeal under Rule 26(B), the limitations clock stopped. It began to run again on June 4, 2008, when the Ohio Supreme Court declined to hear an appeal from the Franklin County Court of Appeals' decision denying the Rule 26(B) application. By that time, according to respondent, 21 days had run on the limitations period (from November 13, 2007 to December 4, 2007). That left 344 days to go. 344 days from June 4, 2008 is May 14, 2009. The habeas corpus petition filed in this case was signed on July 27, 2009. Considering that to be the filing date, the petition was filed more than two months late and, according to respondent, should be dismissed for that reason.

This argument is substantially correct. Even if the date that the Franklin County Court of Appeals' decision was journalized, rather than the date of the opinion, is used in the calculation, this only extends the limitations period by six days. The petition was still filed more than two months late. Although petitioner did not file a traverse and has not made this argument, it is important to point out that he does not get credit, for limitations purposes, for any period of time within which he could have filed a petition for a writ of *certiorari* with the United States Supreme Court. In particular, this credit would not apply to the time after the Ohio Supreme Court denied his Rule 26(B) application. Such applications are considered to be "collateral proceedings" which do not start the limitations period running anew, but only suspend the running of the limitations period during the time that they are pending for decision, assuming that they have been timely filed. See Lopez v. Wilson, 426 F.3d 339 (6th Cir. 20050 (en banc). The

limitations period is not tolled during the time that a petitioner has to seek *certiorari* from the United States Supreme Court from the denial of a petition or application for collateral review. Lawrence v. Florida, 549 U.S. 387 (2007). This Court and other district courts have consistently so held. See Harris v. Voorhies, 2008 WL 4951789 (S.D. Ohio November 17, 2008); see also Fitts v. Eberlin, 626 F.Supp. 2d 724, 725 (N.D. Ohio 2009). Thus, the Court agrees with respondent that the petition in this case was filed more than two months too late.

Petitioner has not attempted to argue that the Court should excuse his late filing. In any event, any equitable tolling of the statute of limitations under the AEDPA is quite limited. See, e.g., King v. Bell, 378 F.3d 550, 553 (6th Cir. 2004). None of the five factors set forth in that decision appears to apply here. Petitioner had almost a year after his Rule 26(B) application was denied by the Ohio Supreme Court to file his petition in this Court. He has not argued that he was unaware of the fact that a statute of limitations applies to habeas corpus petitions under 28 U.S.C. §2254 or that he could not have filed his petition in a timely manner. Under these circumstances, he is not entitled to any equitable tolling of the statute of limitations. Of course, his most recently filed Rule 26(B) application was filed after the limitations period had expired and it does not revive his case for limitations purposes. Lopez v. Wilson, supra. Therefore, this case is time-barred and it must be dismissed for that reason.

## IV. Recommendation

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus, filed under 28 U.S.C. §2254, be dismissed as untimely.

## V. Procedure on Objections

If any party objects to this Report and Recommendation, that

party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge